GURLEY OLIVER V. THE STATE.

No. 9663.   Delivered February 10, 1926.

**Vagrancy—Charge of Court—Defensive Issues—Not Submitted—Error.**

Where, on a charge of vagrancy, in his being an able-bodied person who refused to work, and was able to work, appellant proved by a physician that he was afflicted with rheumatism in his ankles, knees and hips, that his condition was chronic, and that he was not able to work, the trial court committed reversible error in refusing to submit this issue to the jury, upon the request of appellant, and for this error the cause must be reversed.

Appeal from the County Court of Lamar County.   Tried below before the Hon. W. Dewey Lawrence, Judge.

Appeal from a conviction for vagrancy, penalty a fine of one hundred dollars.

*Patrick & Eubank* of Paris, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is vagrancy; punishment fixed at a fine of one hundred dollars.

It is charged that the appellant was an able-bodied person, who habitually loafed, loitered and idled, without any regular employment and without any visible means of support.

Doctor Stark, introduced by the appellant, testified that he had been a practicing physician for twenty-five years; that he had examined the appellant and found that he was affected with rheumatism in the ankles, knees and hips; that it was of long standing and chronic; that in consequence of this, it was the opinion of the witness that the appellant was not an

able bodied person. The doctor said that he had been an army surgeon or physician for three years, and had handled many cases similar to that of the appellant; that the disease was quite painful; that when first examined, appellant was suffering and would have been sent to the hospital if it had been within his means.

The state called physicians who had not examined the appellant. They controverted the appellant's want of capacity in opinions based upon hypothetical questions.

The theory was thus affirmatively presented that the appellant was not an able-bodied person and upon his request the jury should have been given an affirmative instruction upon the subject. Both by exception to the charge and by special charge, the attention of the court was directed to the omission, and the matter is properly here for review.

Because of the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*